UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUAN ANTHONY BIDOT,

                            Plaintiff,

             -against-

COUNTY OF SUFFOLK, *et al.*,

                         Defendants.
-------------------------------------------------------X
FEUERSTEIN, District Judge:

**FILED**
**CLERK**

2:45 pm, Sep 25, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-3925 (SJF)(ARL)

        Pending before the Court is the Report and Recommendation of the Honorable Arlene R.

Lindsay, United States Magistrate Judge, dated August 20,2020 ("the Report"), (1)

recommending that the motion of defendants the County of Suffolk (the "County"), Suffolk

County Department of Probation (the "Department")[1], Stephen Larsen ("Larsen"), in his

individual and official capacity, Thomas Branco ("Branco"), in his individual and official

capacity, James H. Stitt, in his individual and official capacity, Andrea Neubauer ("Neubauer"),

in her individual and official capacity, and "John Does 1-10," in their individual and official

capacities, to dismiss the claims of plaintiff Juan Anthony Bidot ("plaintiff") against them

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted in part and denied

in part; and (2) advising, *inter alia*, (a) that ""[a]ny objections to th[e] Report . . . must be filed . .

. within 14 days," (Report at 28), and (b) that "[f]ailure to file objections within this period

waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL

4847199, at *1 (2d Cir. Oct. 5, 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,*

---

[1] By stipulation dated November 22, 2019, the claims against the Department were discontinued with prejudice.
(Docket Entry ["DE"] 11 and 13).

*Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); and *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997)). Although a copy of the Report was served upon all parties via ECF on August 20, 2020, (*see* DE 16), no party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I.      Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12,

2

14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019) ("While we have discretion to excuse a failure to object 'in the interests of justice,' we will ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

## II.    Review of Report

Since no party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety.

## III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, (i) defendants' motion to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent: (A) that plaintiff's discrimination claims against defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1981

3

("Section 1981") and the New York State Human Rights Law ("NYSHRL"), New York Executive Law §§ 296 and 290, (Counts I, II, IV and VI) arising out of the August 2018 Charges; Section 1983 discrimination claim and *Monell* claims (Counts II and III) against the County; Section 1983 and Section 1981 claims (Counts II and IV) against the Individual Defendants in their official capacity; claims against Neubauer, Larsen and Branco in their individual capacity; and retaliation claims against defendants under Title VII and Section 1983 (Counts I and III), are dismissed in their entirety without prejudice for failure to state a plausible claim for relief, ***provided*** that plaintiff serve and file an amended complaint repleading those claims **by no later than October 26, 2020**, or those claims will be deemed dismissed in their entirety with prejudice, and (B) that plaintiff's claim under the American with Disabilities Act, 42 U.S.C. § 12101, (Count V) against defendants is dismissed in its entirety with prejudice for failure to state a plausible claim for relief; and (ii) defendants' motion is otherwise denied.

SO ORDERED.

/s/ *Sandra J. Feuerstein*
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 25, 2020
      Central Islip, New York

4